```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

JOCK WEST                           :    BK No. 10-14653
     Debtor                                  Chapter 7
- - - - - - - - - - - - - - - - - -x
M2M MULTIHULL, LLC                  :
          Plaintiff
v.                                  :    A.P. No. 11-1021

JOCK WEST                           :
CHRISTINA WEST
WEST CAPE TRUST                     :
THE ANTIQUE BOAT MUSEUM
JOHN MacLEAN                        :
          Defendants
- - - - - - - - - - - - - - - - - -x
```

**DECISION AND ORDER DISMISSING COMPLAINT AS TO CHRISTINA WEST,
WEST CAPE TRUST, THE ANTIQUE BOAT MUSEUM, AND JOHN MacLEAN**

APPEARANCES:
    Michael A. Kelly, Esq.
    Law offices of Michael A. Kelly, P.C.
    Attorney for M2M MULTIHULL, LLC
    128 Dorrance Street, Suite 300
    Providence, Rhode Island 02904

    R. Daniel Prentiss, Esq.
    Attorney for Christina West
    One Turks Head Place, Suite 380
    Providence, Rhode Island

    Mark T. Nugent, Esq.
    Morrison Mahoney, LLP
    Attorney for The Antique Boat Museum & John MacLean
    10 Weybosset Street, Suite 900
    Providence, Rhode Island 02903

    Thomas B. Orr, Esq.
    Attorney for Jock West & West Cape Trust
    55 Memorial Boulevard
    Newport, Rhode Island 02840

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-14653; A.P. No. 11-1021

Heard on Motions to Dismiss Plaintiff M2M Multihull, LLC's ("M2M") First Amended Complaint, filed by Defendants Christina West, the Debtor's wife ("West"), West Cape Trust ("Trust"), The Antique Boat Museum ("Antique Boat"), and John MacLean ("MacLean"), Antique Boat's Executive Director.[1]

## THE PLEADINGS AND THE ISSUE

M2M's Complaint contains ten counts: (i) enforcement of a personal guaranty given by Jock West ("Debtor") on a defaulted promissory note; (ii) breach of contract; (iii) recovery, on an "alter ego" theory, of a judgment in the amount of $140,000 against the Debtor, West, and the Trust;[2] (iv) a claim that a debt owed to M2M is nondischargeable under 11 U.S.C. § 523(a)(2)(A); (v) recovery of $140,000 for common law fraud; (vi) recovery of $140,000 for fraudulent inducement; (vii) recovery of $140,000 for unjust enrichment; (viii) avoidance of fraudulent transfers under Rhode Island law;[3] (ix) damages in the amount of $140,000 for

---

[1] MacLean is sued individually and in his official capacity.

[2] Counts iii through viii are aimed at the Debtor, the "alter ego" Defendants, i.e., his wife, and the Trust.

[3] Section 544 of the Bankruptcy Code empowers only a trustee to avoid transfers which are fraudulent under state law. Here, M2M, not the trustee, seeks monetary recovery for itself, not for the estate.

1

negligent misrepresentation, plus attorney's fees, against Antique Boat and MacLean; and (x) damages, in the amount of $140,000, for intentional misrepresentation by Antique Boat and MacLean. In every count of its complaint M2M seeks judgment *for itself*.

Defendants West, the Trust, Antique Boat and MacLean request dismissal, pursuant to Fed. R. Civ. P. 12(b)(1),[4] on the ground that this Court lacks jurisdiction to adjudicate the state law causes of action that M2M asserts against them.[5]

## DISCUSSION

Bankruptcy Court jurisdiction, which is derived from 11 U.S.C. § 157 provides that the District Court may refer to the Bankruptcy Court "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to any case under title 11." Section 157(b)(2) contains an illustrative, but not exhaustive list of core proceedings, and the only part of M2M's Complaint even remotely resembling a core proceeding is in Count

---

[4] Mrs. West also seeks dismissal under Fed. R. Civ. P. 12(b)(6). The decision herein, on jurisdictional grounds, makes a § 12(b)(6) analysis unnecessary.

[5] After hearing oral arguments, the Court requested supplemental briefing regarding the applicability of *Stern v. Marshall*, 564 U.S.___, 131 S.Ct. 2594 (2011), which is currently generating much discussion among commentators, and consternation among litigants.

2

BK No. 10-14653; A.P. No. 11-1021

IV, where M2M alleges that the Debtor obtained money by fraud and that the resulting debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).  The Debtor has not moved for dismissal of the Complaint.[6]

For obvious reasons, M2M tries to bring West and the Trust into this litigation alleging that they are "alter egos" of the Debtor, i.e., that they "commingled funds and/or have caused the transfer of funds". Complaint ¶32, and Counts I, III, IV, V.  That is the basis for M2M's argument that the Bankruptcy Court has jurisdiction in this litigation.  The cases cited by M2M all involve corporate defendants. In Rhode Island the "alter ego doctrine" is a two-pronged equitable device requiring: (1) that the personalities of the corporate defendant and its owners have merged; and (2) that disregard of the corporate entity is necessary to avoid injustice or an inequitable result.  The second prong is "addressed to the conscience of the court." *Heflin v. Koszela*, 774 A.2d 25, 30 (R.I. 2001).  Even if West and the Trust could be liable to M2M under state law, neither one is a debtor in this

---

[6] M2M alleged sufficient facts to survive dismissal under 11 U.S.C. § 523(a)(2)(A) as to the Debtor, but then went awry, asking for a money judgment, rather than a determination of dischargeability.  The relief sought by M2M is beyond the delegated authority of a bankruptcy court.  *In re Cambio*, 353 B.R. 30 (1st Cir. B.A.P. 2004).

3

BK No. 10-14653; A.P. No. 11-1021

Court. Therefore, the Court is powerless to render a decision adjudicating either the dischargeability of, or the amount of a debt owed by either defendant to M2M.

The allegations against Antique Boat and MacLean also are garden variety state law causes of action sounding in tort – negligent and/or intentional misrepresentations upon which M2M relied, to its detriment. As M2M's complaint does not assert core matters, the power to adjudicate such claims also is not within this Court's jurisdiction.

The only remaining basis for M2M's argument that its claims are properly before this Court, is if they were part of a *related proceeding*. To be so construed, the result of the dispute must "'potentially have some effect on the bankruptcy estate, such as altering the debtor's rights, liabilities, options, or freedom of action, or otherwise ... [affecting] ... the bankrupt estate." *In re G.S.F. Corp*, 938 F.2d 1467, 1475 (1st Cir. 1991) (quoting *In re Smith*, 866 F.2d 576, 580(3d Cir. 1989)). Because no reading of M2M's complaint suggests that the relief sought can have any effect on the estate, it is not a related proceeding.[7]

---

[7] Nowhere has M2M requested that a debt be declared nondischargeable.

4

BK No. 10-14653; A.P. No. 11-1021

The United States Supreme Court recently discussed the restrictive nature of, and the limited jurisdiction of bankruptcy courts. *Stern v. Marshall*, 564 U.S.\_, 131 S.Ct. 2594, 2601-2602 (2011). In *Stern* the Court emphatically counsels against *any* suggestion that bankruptcy courts, through their 11 U.S.C. § 105 powers,[8] may exercise authority over non-debtor defendants, as M2M urges this Court to do, see M2M's Memorandum in Support of Jurisdiction, at 12, and held that when a bankruptcy court exercised "the judicial power of the United States by entering final judgment on a common law tort claim ... it lacked the constitutional authority to do so." This ruling came, notwithstanding: (1) that the tort claim in question met the statutory definition of a core proceeding, 28 U.S.C. § 157(b)(1)(C)("counterclaims by the estate against persons filing claims against the estate"); and (2) the creditor had consented to the bankruptcy court adjudicating his underlying defamation claim, the "claim against the estate." *Stern*, at 2608.[9]

---

[8] Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriated to carry out the provisions of this title." This "'catch all' provision effectively fill[s] gaps in the bankruptcy code," *In re Nosek*, 544 F.3d 34, 44 (1st Cir. 2008), but does not expand the jurisdiction of bankruptcy courts.

[9] *Stern* already has affected several outcomes in bankruptcy courts. *See Badami v. Ainsworth Feed Yards, LLC (In re AFY*

5

BK No. 10-14653; A.P. No. 11-1021

In summary, M2M asserts state contract and tort actions against non-debtor parties, and asks this to Court adjudicate them. Since M2m seeks a money recovery specifically for itself and not for the estate, this litigation is not a related proceeding. In fact, the matters which M2M seeks to litigate here clearly cover territory that *Stern* says is not part of the bankruptcy court's limited Article I turf.[10] Since *Stern*, it appears that the 1984 post-*Marathon* amendments did not clarify Article I jurisdiction issues, as most bankruptcy judges had hoped they would. Some commentators believe that "*Stern* will cause considerable consternation ... in bankruptcy circles for some time ... [as m]atters that had been heard in bankruptcy court will now be subject to forum-shopping in the district and state courts." See David P. Leibowitz, *Stern v. Marshall*: A Constitutional Conundrum, Am. Bankr. L. J., Oct. 2011 at 36, 65.

Finally, § 105 has no applicability here, and does not require discussion or deserve any analysis.

---

*Inc.)*(Adv. Proc. 10-4060 Bankr. D. Neb. Aug. 18, 2011)(vacating, based on *Stern,* a prior $4.5 million judgment for the Chapter 7 trustee in a debt collection action).

[10] Which, parenthetically, courts and litigants alike apparently have benignly overlooked since *Northern Pipeline Const. Co. V. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858 (1982).

6

BK No. 10-14653; A.P. No. 11-1021

Accordingly, for the reasons discussed above, the Motions to Dismiss are **GRANTED** as to Defendants Christina West, West Cape Trust, The Antique Boat Museum, and John MacLean.

Enter.

_____
Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 1/20/12